United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel* AMY C. WALDEN-BING, | § § § | CIVIL ACTION NUMBER 4:23-cv-01792 |
| Plaintiffs, | § § § | |
| versus | § § § § | JUDGE CHARLES ESKRIDGE |
| HORNE, LLP, *et al*, Defendants. | § § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Amy C. Walden-Bing, as relator, brought this *qui tam* suit under the False Claims Act. Though initially represented by counsel, her counsel withdrew in October of 2025, leaving Plaintiff to proceed *pro se*. See Dkts 27 (motion to withdraw) & 31 (order granting motion to withdraw). The United States has moved to intervene and dismiss this action pursuant to 31 USC §3730(c)(2)(A) and Federal Rule of Civil Procedure 41(a)(1). Dkt 46. It maintains that dismissal is appropriate because *pro se* plaintiffs may not prosecute *qui tam* actions. Id at 5–8.

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 53. She issued a Memorandum and Recommendation recommending that the motion to dismiss be granted because (i) Walden-Bing cannot prosecute FCA claims *pro se*, and (ii) she lacks standing to assert common-law claims, having failed to allege any injury to her own interests. The Magistrate Judge further found that the Government satisfied the requirements for dismissal under 31 USC §3730(c)(2)(A) and Rule 41(a)(1).

On that basis, she recommended that the complaint be dismissed without prejudice.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Walden-Bing filed objections. Dkt 59. She claims, among other things, that the Magistrate Judge applied an "overbroad *pro se* bar without considering procedural alternatives" prior to dismissing her claims. Id at 2. She further objects to the standing analysis as to her common law claims. Id at 2–3.

Upon *de novo* review and determination, Plaintiff's objections lack merit.

The first objection fails because under binding Fifth Circuit precedent, there is a complete bar to *pro se* prosecution of *qui tam* claims. See *United State ex rel Brooks v Ormsby*, 869 F3d 356, 357 (5th Cir 2017): "[R]egardless of the right of anyone to represent himself *pro se*, he is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se*." Walden-Bing has known since at least July 2025 that she must retain counsel to pursue these claims, and yet has failed to do so. See Dkt 52 at 2. Because she remains without counsel, dismissal of the FCA claims is appropriate.

The second objection also fails. The Magistrate Judge correctly concluded that standing for such claims is lacking because "[a] relator in a *qui tam* FCA action does not have standing to assert common law claims based upon injury

sustained by the United States." *Voorhees v Kelsey-Seybold Clinic, PA*, 2021 WL 742887, \*5 (SD Tex), quoting *United States ex rel Rockefeller v Westinghouse Electric Co*, 274 F Supp 2d 10, 14 (DDC 2003). As such, because Walden-Bing lacks standing to pursue the claims for payment by mistake, unjust enrichment, and negligence, dismissal is appropriate.

The objections fail to otherwise demonstrate legal error on the part of the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 59.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 53.

The motion by the United States of America to intervene and to dismiss is GRANTED. Dkt 46.

The complaint by Plaintiff Amy C. Walden-Bing is DISMISSED WITHOUT PREJUDICE.

The Memorandum and Recommendation gave Plaintiff permission to file a motion for leave to file a second amended complaint. Plaintiff did so. That motion remains pending. Dkt 58.

SO ORDERED.

Signed on March 31, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3